**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | Case No. 10-06915 (BKT) |
| **DESARROLLO RIO DORADO INC** | Chapter 11 |
| Debtor | |

**MOTION TO SUPPLEMENT DISCLOSURE STATEMENT AND PLAN**

Comes now debtor in possession, Desarrollo de Dorado, Inc., through the undersigned counsel, and respectfully states as follows:

During the hearing held on June 8, 2011, counsel for the Unsecured Creditors Committee inquired as to the treatment of CRIM and Treasury Department claims, specifically, as to the language contained in the Disclosure Statement and Plan.

Real property Taxes for the current and the last 5 years are secured through a statutory lien contained in the Puerto Rico statutes. These attach to the property as a senior lien. The payment of this lien and the concomitant real property taxes attach to the property and are paid at the time the same is transferred to the buyer. Financing institutions pay the outstanding amounts to guarantee the purchase money security becomes the senior lien over the property.

The recently approved special property tax is assessed by and payable to the Department of Treasury. Pursuant to the statute, this tax is also secured by a senior statutory lien over the property.

The transfer to DFS as per the agreement approved by the Court is made with all the encumbrances, which include the interim financing loan issued by Doral Bank and the above described statutory liens. These liens "follow" the real estate upon the transfer, thus cease to be a liability of the estate.

A separate matter is the claim filed by CRIM which includes taxes over units that have been sold, but not yet registered under the new owner's name at the agency. These taxes are not owed, as the debt up to closing was paid by the debtor, and the transfer made free of these encumbrances. Debtor has provided CRIM with evidence of the transfers so the agency may clarify these cases where the purchasers have not registered the change of ownership.

CRIM has assessed the taxes, and assigned a cadastre number to the 14 unsold units, to be transferred to DFS. These units, however have not been segregated from the main parcel, which is to be accomplished upon the sale of each unit.

**WHEREFORE**, it is respectfully requested from this Honorable Court to consider the Disclosure Statement and Plan supplemented as per the UCC's inquiries and comments.

In San Juan, Puerto Rico, this 22d day of June, 2011.

**I HEREBY CERTIFY** that the foregoing motion was filed with the Clerk of the Court electronically using the CM/ECF system which serves the Office of the US Trustee and parties in interest, including counsel for the creditor's committee and counsel for DFS, LLC.

Respectfully submitted,

REORGANIZATION AND BANKRUPTCY
LEGAL SERVICES, P.S.C.
/s/ Carlos E. Rodríguez Quesada, ESQ
USDC-PR #124810
PO Box 9023115
San Juan, Puerto Rico 00902-3115
Tel (787) 724-2867  Fax (787) 724-2463
cerqlaw@coqui.net